IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMIAH DEL BOUZIDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case Number CIV-06-16-C |
| ) | |
| JUSTIN JONES, ) | |
| ) | |
| Respondent. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This 28 U.S.C. § 2254 action for habeas corpus relief, brought by a state prisoner proceeding pro se, was referred to United States Magistrate Judge Doyle W. Argo, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Argo entered a Report and Recommendation on January 31, 2006, recommending the Petition be dismissed as untimely. Petitioner filed a timely objection, and the Court therefore considers the matter de novo.

The Magistrate Judge properly raised, *sua sponte*, the timing of Petitioner's complaint. As made clear on the face of the Petition, Petitioner's judgment of conviction was entered on July 24, 2002, and the present action was not filed until January 9, 2006. Thus, the present motion was filed well outside the one year limitations period established by 28 U.S.C. § 2244(d)(1). As noted by Judge Argo, although Petitioner sought post-conviction relief in the state court, that filing could not toll expiration of the limitations period under the provisions of § 2244(d)(2), because the AEDPA[1] limitations period had expired prior to filing for state post-conviction relief. Indeed, the only way any tolling provision is triggered is if

---

[1] Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1).

the Court finds Petitioner's claim that Judge Black promised to review his sentence in one year is sufficient to state a claim for habeas relief. Because the Court finds the limitations period expired in any event, there is no need to determine the validity of the claim.

As Judge Argo noted, Petitioner raised the sentence review issue in state court and it was denied on May 29, 2003, and Petitioner's Motion to Reconsider was denied on July 9, 2003. Assuming the July date was sufficient to establish "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C.A. § 2244(d)(1)(D), Petitioner had one year from that date to file the present motion. Petitioner filed his first claim for state post conviction relief on January 23, 2004. At that point 198 days had elapsed. Petitioner's motion for state post-conviction relief was denied on April 19, 2004, thereby restarting the clock.[2] Petitioner next filed a motion for state post-conviction relief on March 22, 2005, or 337 days after the denial of his first motion. At that point the AEDPA limitations period had expired as 535 days had elapsed. Even assuming merit in Petitioner's argument that the clock did not restart for 90 days after the state court's April 19, 2004, denial of his motion for post-conviction relief, the present motion was filed well after the limitation period had expired.

Petitioner has failed to offer any basis to warrant application of the equitable tolling doctrine. "[Equitable tolling] is only available when an inmate diligently pursues his claims

---

[2] As Judge Argo noted, the time period in which Petitioner's deficient appeal to the Oklahoma Court of Criminal Appeals was pending does not toll the limitations period because the appeal was not properly filed as required by § 2244(d)(2). See Hoggro v. Boone, 150 F.3d 1223, 1227 n. 4 (10th Cir. 1998).

and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

As set forth more fully herein, Petitioner has failed to offer any basis to reject the Report and Recommendation of the Magistrate Judge. Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, and for the reasons announced therein, this petition for habeas corpus relief is DISMISSED, as untimely. Because no amendment can cure the defect, this dismissal acts as an adjudication on the merits. A judgment will enter accordingly.

IT IS SO ORDERED this 28th day of February, 2006.

ROBIN J. CAUTHRON
United States District Judge